J.S45035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN J. MILLER, | : | |
| | : | |
| Appellant | : | No. 1889 MDA 2014 |

Appeal from the PCRA Order September 3, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division No(s).: CP-22-CR-0001074-1997

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 28, 2015**

Appellant, Kevin J. Miller, appeals *pro se* from the September 3, 2014 order dismissing his sixth petition for relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). Appellant argues the imposition of a mandatory minimum five years' incarceration constitutes an illegal sentence under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). We affirm.

The PCRA court summarized the facts underlying Appellant's appeal:

> On February 10, 1998, Appellant [pleaded] guilty to Rape, Involuntary Deviate Sexual Intercourse, Indecent Assault, Corruption of Minors, and Statutory Sexual Assault. [Sentencing] was deferred to a later date. The Commonwealth and Appellant's trial counsel presented a preliminary proposal for a plea agreement to the [court],

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> which the [court] found to be unacceptable. The final plea agreement was then resubmitted to the [court] and received the [court's] approval. On November 16, 1998, [the trial court sentenced Appellant] to an aggregate term of [five] to [twenty] years' incarceration at a state correctional institution, followed by [twenty] years of conditional probation. No direct appeal was taken.

PCRA Ct. Op., 12/3/14, at 1 (footnotes omitted). Relevant to this appeal, five years' incarceration is the mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718.[2]

Appellant filed the instant PCRA petition, his sixth, on June 20, 2014. The PCRA court entered an order dismissing Appellant's petition on September 3, 2014. Appellant filed his notice of appeal on October 2, 2014,[3] and the court received this notice on October 8th. The PCRA court did not direct Appellant to file a concise statement of errors on appeal.

On appeal, Appellant raises two issues for our review:

> WHETHER THE PCRA COURT IMPROPERLY DISMISSED APPELLANT'S PCRA PETITION WITHOUT A HEARING AS A MATTER OF LAW AND CONSTITUTION, WHERE APPELLANT WAS SENTENCED TO A MANDATORY MINIMUM SENTENCE UNDER [42 Pa.C.S. § 9178], A STATUTE DECLARED UNCONSTITUTIONAL UNDER [**Alleyne v. United States**, 133 S. Ct. 2151 (2013)] and [**Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014)], MAKING APPELLANT'S SENTENCE ILLEGAL?

---

[2] Sentences for offenses against infant persons.

[3] "[I]n the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011).

WHETHER APPELLANT'S MANDATORY MINIMUM SENTENCE UNDER [42 Pa.C.S. § 9718,] A STATUTE DECLARED UNCONSTITUTIONAL AND VOID[,] IS ILLEGAL?

Appellant's Brief at 9, 21.

Appellant argues that his petition is timely pursuant to the time-bar exception of 42 Pa.C.S. § 9545(b)(1)(ii).[4] Appellant's Brief at 13. Appellant avers that a newspaper article[5] ("the Article"), which details the constitutional right newly recognized by the Supreme Court of the United States under *Alleyne*, is after-discovered evidence.[6] *Id.* at 14-15. The Article quotes and provides information given by the Berks County District Attorney's Office, detailing the decision of the Supreme Court in *Alleyne* and the office's intent to no longer pursue mandatory minimum sentences. *Id.* at Ex. B. He puts forth that the article is not hearsay as the information within the Article is accurate and the author cites to specific Superior Court rulings and decisions. *Id.* Appellant also contends that the United States Supreme Court's decision in *Alleyne* applies retroactively to his sentence.

---

[4] "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

[5] Holly Herman, *Mandatory Sentences Ruled Illegal*, Reading Eagle, May 3, 2014.

[6] Appellant notes that he filed the instant petition after discovering the "new evidence" within the sixty day requirement pursuant to 42 Pa.C.S. § 9545(b)(2).

***Id.*** at 9-10. Appellant claims that his sentence is predicated on facts not submitted to a jury, making it unconstitutional.

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009). Before we address the merits of Appellant's arguments, however, we first consider the timeliness of Appellant's PCRA petition, as it implicates the jurisdiction of both this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted).

"[When] a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super.) (citations omitted) *appeal denied*, 101 A.3d 103 (Pa. 2014). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. §

9545(b)(1)(i)-(iii)] are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014).[7] The PCRA provides, in relevant part:

### § 9545. Jurisdiction and proceedings

\* \* \*

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

"[A] constitutional right newly recognized by the Supreme Court of the United States is made retroactive to cases on collateral review only if that

---

[7] ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2011).

court specifically holds it to be retroactively applicable to cases on collateral review." ***Commonwealth v. Phillips***, 31 A.3d 317, 320-21 (Pa. Super. 2011) (summarizing holding of ***Tyler v. Cain***, 533 U.S. 656 (2001)). In ***Alleyne***, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." ***Alleyne***, 133 S. Ct. at 2155 (citations omitted). "[N]either our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).

In the case *sub judice*, Appellant was sentenced on November 16, 1998. Appellant did not file a direct appeal. PCRA Ct. Op. at 1. Therefore, Appellant's judgment of sentence became final on December 16, 1998, when the period for Appellant to file a notice of direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review."). Appellant generally had until December 16, 1999, to file a timely PCRA petition. The instant petition is patently untimely, as Appellant filed it on June 20, 2014, nearly fifteen years past the deadline.

Appellant attempts to invoke the time-bar exception of 42 Pa.C.S. § 9545(b)(1)(ii), by presenting the Article as newly discovered evidence. Regardless of whether the Article is newly discovered evidence, however,

this Court has already held a newly recognized constitutional right is only applicable on collateral review when the deciding court specifically holds it to be retroactive to such cases. *See Phillips*, 31 A.3d at 320-21. As stated above, neither our Supreme Court nor the United States Supreme Court has held *Alleyne* applicable retroactively in cases where the judgment of sentence had become final. *See Miller*, 102 A.3d at 995. Appellant's judgment of sentence became final on December 16, 1998. Thus, Appellant's argument fails, as *Alleyne* has not been held to apply to Appellant's case.[8] *See id.*

We conclude that the PCRA court correctly dismissed Appellant's sixth PCRA Petition. Accordingly, the PCRA court's September 3, 2014 order is affirmed.

Appellant's Application for Stay denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary
Date: 8/28/2015

---

[8] The PCRA court noted that Appellant's case is distinguished from *Alleyne*, as Appellant pleaded guilty and was not involved in a jury trial. PCRA Ct. Op. at 4. The court reasoned that Appellant's acceptance of a negotiated plea agreement constituted a waiver of his Sixth Amendment right to a jury trial, thus removing himself from the controlling precedent of *Alleyne*. *Id.* As neither this Court nor the PCRA court have jurisdiction over the current matter, we need not address the merits of the PCRA court's reasoning.